UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

v.

JOSEPH WELLS TREVITHICK,

     Defendant.

Case No. 23-20107
Honorable Laurie J. Michelson

---

## ORDER ON DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE [24]

Joseph Trevithick pled guilty to being a felon in possession of a firearm. (ECF No. 10.) At sentencing, the Court balanced Trevithick's difficult upbringing, struggles with substance abuse, and dangerous gang involvement, with his perseverance and significant efforts to turn his life around. Ultimately, the Court imposed a below-guidelines-range sentence of one year and a day. (ECF No. 19.) To ensure Trevithick had adequate treatment, counseling, and programming opportunities after his release from prison, the Court also imposed a two-year term of supervised release. (*Id.*)

Trevithick has served a little more than a year of this term of supervision. (ECF No. 24, PageID.296.) He thinks that is enough. He advises that his prison term and supervision, so far, "were completed in full compliance and without any negative behavior." (*Id.*) Most significantly, he has been successfully operating an electrical business with his son and one other employee. (*Id.*) Given his conduct to date,

Trevithick asks this Court to terminate his supervision now. (*Id.* at PageID.297.) The government has no objection and Trevithick's current supervising probation officer takes no position. (*Id.*) The Court, though, also conferred with the probation officer who supervised Trevithick prior to his sentencing, and she opposes early termination.

The Court agrees that Trevithick's efforts during year one are commendable and bode well for his future. But given the difficulties of his past and the fact that Trevithick's supervised release conditions do not pose a hardship to his daily life, a little more time under supervision would be beneficial. Thus, Trevithick's motion is DENIED WITHOUT PREJUDICE.

## I.

After a defendant has served at least one year, the court may terminate a term of supervised release if satisfied that termination is "warranted by the conduct of the defendant" and in the "interest of justice." 18 U.S.C. § 3583(e)(1). "The conjunction 'and' used in the statute clearly indicates that a district court must conclude that the early termination of supervised release is warranted both by the individual's conduct and also by the interest of justice." *United States v. Suber*, 75 F. App'x 442, 444 (6th Cir. 2003). In making this determination, the statute directs the court to consider many of the same § 3553(a) factors that were considered in imposing the initial sentence, including the nature and circumstances of the offense, the defendant's history and characteristics, deterrence, protection of the public, and the need to provide the defendant with training, medical care, or other correctional treatment. *Id*. The Sixth Circuit has ruled that "§ 3583(e)(1) does not require a finding of

exceptionally good behavior before a district court may grant a motion for early termination of supervised release, though such behavior remains a relevant consideration." *United States v. Hale*, 127 F.4th 638, 642 (6th Cir. 2025).

## II.

Trevithick does not address the § 3553(a) factors. Instead, his request is based on the fact that he "served his prison sentence and followed every condition since his release" and that he "is rehabilitated and running a thriving electrical business." (ECF No. 24, PageID.297.) But this overlooks that Trevithick did not have a long prison sentence and has only been on supervision for a year. There is also no suggestion that this supervision is hindering his employment in any way. To the contrary, he has a growing customer and employee base. He is supervised as a "low moderate" which should not cause any issues with his work, travel, family, or community involvement.

Nor does the Court see any other harm to continuing Trevithick's supervision. Given his history of family instability, criminal and gang involvement, and substance abuse issues, he will continue to benefit from the structure, guidance, and programming that federal supervision can provide. And just knowing he is under supervision will hopefully help him to remain on a good path. This matters.

Indeed, just days before Trevithick was scheduled to report to the Bureau of Prisons to begin serving his sentence, he was the alleged perpetrator of a physical assault on someone in a restaurant. The Court was provided the police report of the incident—which referenced a video of the assault that officers had apparently

3

reviewed. Continued supervision will help Trevithick stay the course, providing not only a great benefit to Trevithick, but also furthering the important § 3553(a) goals of deterrence and protection of the public.

In sum, it appears that the conditions of Trevithick's supervision are helping him to continue his rehabilitation. In other words, Trevithick is doing what is expected of him and supervision is providing the benefits expected of it. *See, e.g.*, *United States v. English*, No. 19-20164, 2025 U.S. Dist. LEXIS 16243, at \*3–4 (E.D. Mich. Jan. 29, 2025) ("While English's compliance is admirable and appropriate, his prior criminal history as well as the fact that he received a substantial reduction in his custody term . . . suggest that continued supervision would be in the best interest of justice. His conditions are not burdensome and permit that his conduct may be monitored to assure his compliance.").

At this time then, the Court prefers to treat Trevithick's rehabilitation as ongoing rather than completed. Indeed, the Court imposed a two-year term of supervised release "for valid reasons," including to ensure adequate deterrence, protection of the public, and correctional treatment for Trevithick. *See United States v. D'Anna*, No. 13-20119, 2020 U.S. Dist. LEXIS 24150, at \*2 (E.D. Mich. Feb. 12, 2020).

### III.

Thus, the Court finds that the interests of justice and relevant sentencing factors favor continuation of supervised release. Accordingly, Trevithick's motion to

terminate supervised release early (ECF No. 24) is DENIED WITHOUT PREJUDICE.

SO ORDERED.


Dated: September 22, 2025


s/Laurie J. Michelson
LAURIE J. MICHELSON
United States District Judge

5